THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JEROME NIBBS,
AKINDE THOMAS CHALWELL

*Plaintiffs,*

v.

UNITED STATES COAST GUARD

*Defendant.*

Case No. 24-1290 (MAJ)

## OPINION AND ORDER

### I.  Introduction and Background

This is a dispute brought by Plaintiff Akinde Thomas Chalwell ("Chalwell" or "Plaintiff") against the United States Coast Guard ("USCG" or "Defendant"). According to Plaintiff, he was apprehended by the USCG on June 16, 2022, and spent the next 36 days aboard various USCG vessels, until he finally appeared before a judicial officer in Puerto Rico on July 22, 2022. (**ECF 38 at 2–3**).[1] Plaintiff seeks relief for inhumane treatment he allegedly suffered at the hands of the USCG during this 36-day period. (**Id.**).[2]

On August 16, 2023, Plaintiff filed an administrative claim as required under the Federal Torts Claims Act ("FTCA"). (**Id. at 10**) (citing 28 U.S.C. § 2401(b)). However, Plaintiff did not have a viable claim under the FTCA; rather, it is undisputed that because

---

[1]  Because Plaintiff has not objected to the facts as presented in the Report and Recommendation at ECF 38, the Court has relied on the facts therein. *See Total Petroleum P.R. Corp. v. Quintana*, 16-cv-2979, 2017 WL 3189867, at *1 (D.P.R. July 27, 2017) (citing *Hernández-Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (the district court "may accept those parts of the report and recommendation to which the parties do not object.").

[2]  According to Plaintiff's Second Amended Complaint, Chalwell was allegedly chained to the deck of multiple USCG's cutters; exposed to the elements; given minimal food and water; hosed down "like a dog"; and ordered to defecate and urinate in the presence of children. (Civil Case No. 24-1344, ECF 23 at 6-7).

Plaintiff's claims sound in admiralty, "the [Suits in Admiralty Act ("SAA")] and the [Public Vessels Act ("PVA")] provide the exclusive remedy for Chalwell's claims." (**ECF 38 at 8**). As such, his claims were subject to the two-year statute of limitations under the SAA and PVA. 46 U.S.C. § 30905; *Wilson v. U.S. Gov't*, 23 F.3d 559, 560 (1st Cir. 1994). By the time Plaintiff first filed a complaint in the Federal District of Puerto Rico, on August 1, 2024, over two years had passed since the date of his alleged injuries. (**ECF 38 at 4, 9**).

On February 28, 2025, Defendant filed a Motion for Judgment on the Pleadings, arguing that Plaintiff's claims are time-barred under the applicable statute of limitations. (**ECF 25**). Chalwell opposed this motion, arguing that he is entitled to equitable tolling of the statute of limitations. (**ECF 29**). The USCG replied, (**ECF 33**), and Plaintiff sur-replied. (**ECF 36**). On April 24, 2025, the Court referred the Motion to Magistrate Judge Hector L. Ramos Vega for Report and Recommendation. (**ECF 37**). The Magistrate filed his Report and Recommendation on June 3, 2025, in which he recommended granting Defendant's Motion. (**ECF 38**) ("the R & R"). Plaintiff timely filed objections to the R & R on June 17, 2025, (**ECF 39**), to which Defendant responded. (**ECF 41**). For the reasons stated herein, the Court now ADOPTS the R & R in full.

## II.   Legal Standards

### A.   Reviewing a Report and Recommendation

Under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(B), a federal district court judge may refer a dispositive motion to a magistrate judge for a report and recommendation, which the district court is free to then "accept, reject, or modify, in whole or in part." *Alamo Rodriguez v. Pfizer Pharm. Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Parties may file written objections to a report and recommendation within fourteen days after being served with the same. 28

U.S.C. § 636(b)(1). A party who files a timely objection is entitled to a *de novo* determination of "'those portions of the report or specified proposed findings or recommendations to which specific objection is made.'" *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005); 28 U.S.C. § 636(b)(1). The district court "may accept those parts of the report and recommendation to which the parties do not object." *Total Petroleum P.R. Corp. v. Quintana*, 16-cv-2979, 2017 WL 3189867, at *1 (D.P.R. July 27, 2017) (citing *Hernández-Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005).

### B. Reviewing a Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The First Circuit has explained that the standard of review applicable to Rule 12(c) motions "is the same as that for a motion to dismiss under Rule 12(b)(6)." *3137, LLC v. Town of Harwich*, 126 F.4th 1, 8 (1st Cir. 2025) (quoting *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007)). Thus, when addressing a motion under either Rule 12(c) or Rule 12(b)(6), courts must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Marrero-Gutierrez*, 491 F.3d at 5 (citing *Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66, 69 (1st Cir. 2005)). A complaint need not contain "detailed factual allegations," but must contain enough facts "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The allegations must be sufficient to "nudge" a plaintiff's claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Ocasio-Hernández v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

## III. Objections to the R & R

Chalwell does not dispute that he filed his original complaint outside the statute of limitations period governing claims under the SAA/PVA. However, he asserts there are enough facts on the record for the Court to conclude that he equitably tolled his claim, and that the Magistrate Judge used the wrong legal framework when addressing the fact intensive equitable tolling standard. (**ECF 39 at 1–2**).

## IV. Analysis

A petitioner seeking equitable tolling bears the burden of establishing both that (1) he has pursued his rights diligently and (2) some extraordinary circumstance stood in the way of his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). The Supreme Court has clarified that, while equitable tolling should be considered on a case-by-case basis, the two requirements in *Holland* are not merely factors, but "elements" which must both be met. *Menominee,* 577 U.S. at 256. Plaintiff has objected to the Magistrate's use of this standard, citing to a multi-factor test sometimes used by the First Circuit for equitable tolling. *See* (**ECF 39 at 2**) (citing *Kelley v. Nat'l Lab. Rels. Bd.*, 79 F.3d 1238, 1248 (1st Cir. 1996) ("Courts generally weigh five factors in assessing claims for equitable tolling: '(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."). However, Plaintiff is incorrect to suggest that these two tests are in conflict with one another.

The First Circuit has clarified that the five factors from *Kelley* and its progeny are not part of a separate or conflicting test but rather are "consider[ed] within the Supreme

Court's two-part standard." *Kwoka v. Enterprise Rent-A-Car Co. of Boston*, 141 F.4th 10, 17 (1st Cir. 2025) (quoting *Neves v. Holder*, 613 F.3d 30, 36 n.5 (1st Cir. 2010)); *see also, e.g., Negrón-Santiago v. San Cristóbal Hosp.*, 764 F. Supp. 2d 366, 371 (D.P.R. 2011); *Maldonado Medina v. Comm'r of Soc. Sec. Admin.*, 18-cv-1091, 2019 WL 2710801, at *3 (D.P.R. June 27, 2019).

Thus, in his well-reasoned R & R, the Magistrate correctly applied the proper two-element standard from *Holland* to conclude that equitable tolling is not available to Plaintiff in this case. In reaching this conclusion, the Magistrate considered all of the facts and factors raised by Plaintiff in his objections. Specifically, Plaintiff has objected that the Magistrate did not consider Plaintiff's "lack of actual [and] . . . constructive knowledge of the filing requirement." (**ECF 39 at 2–3**). Yet it is evident from the R & R that the Magistrate imputed constructive knowledge to Plaintiff and considered this factor in reaching his conclusion related to Chalwell's lack of diligence. (**ECF 38 at 13**) ("Diligent research would likely have revealed both the existence of the SAA/PVA cause of action as well as the applicable statute of limitations.") (citing, *inter alia*, *Wilson*, 23 F.3d at 562); *see also Intel Corp. Invs. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 185–86 (2020) (imputing "constructive knowledge" to those "who fail[] to learn something a reasonable diligent person would have learned.") (citing Black's Law Dictionary 1043 (11th ed. 2019)).

Plaintiff's true objection seems to be that he should be excused from the requirement that he diligently pursue his rights, given his *pro se* incarcerated status. (**ECF 39 at 3**). As an initial matter, even though Plaintiff has argued he was *pro se* at various points during these proceedings, the Court notes that he was not completely devoid of access to legal assistance during the relevant times. The record shows that as early as February 27, 2024, he was appointed counsel from the CJA panel for the criminal

proceedings arising out of the same incidents as the instant case. (Criminal Case No. 24-00072, at ECF 4, 7). This was more than three months before the applicable statute of limitations expired in the instant case, (**ECF 38 at 9**), and nearly five months before he first filed his complaint in the instant case (Civil Case No. 24-1344, ECF 1). Moreover, both Plaintiffs are now represented in this case by the same attorney who represented co-Plaintiff Nibbs throughout the criminal proceedings. (Criminal Case No. 24-00072, at ECF 7). Even if Plaintiff Chalwell were totally unrepresented at all relevant times throughout these proceedings, the Magistrate Judge correctly noted that *pro se* status does not insulate a litigant from complying with procedural and substantive law. (**ECF 38 at 14**) (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *Hedges v. United States*, 404 F.3d 744, 748 (3rd Cir. 2005)). In fact, it is well-established that being *pro se* and incarcerated is not an extraordinary circumstance which justifies equitable tolling. *Holmes v. Spencer*, 685 F.3d 51, 62–63 (1st Cir. 2012) (collecting cases).

Plaintiff also requests the Court to specifically consider his "reasonableness in remaining ignorant of the notice requirement." (**ECF 39 at 5**) (citing *Kelley,* 79 F.3d at 1248). For support, he reiterates allegations, raised repeatedly throughout these proceedings, regarding alleged bad faith on behalf of the USCG. (**ECF 39 at 5**). Specifically, Plaintiff insists that the "bad faith" of the USCG is demonstrated by their "replying to Chalwell's FTCA claim and informing him after the two-year period under PVA and SAA had passed" that his claim was not one that could be brought under the FTCA. (**Id.**). These allegations were thoroughly analyzed and discussed by the Magistrate, who found "no merit in the contention that the Government acted in bad faith[.]" (**ECF 38 at 11–13**). This Court agrees. Plaintiff has offered no support for his misplaced belief that the Government somehow bore a duty to notify him that his claims were governed by

the PVA rather than the FTCA. Rather, the caselaw suggests the opposite: courts have found that even where the government affirmatively advised a plaintiff to file an administrative claim under the FTCA, or affirmatively provided copies of the same administrative claim form incorrectly used by Plaintiff in this case, these actions did not constitute "actively misleading" conduct which should toll the statute of limitations under the SAA. *See Hedges*, 404 F.3d at 752 (involving *pro se* litigant); *Ammer v. United States*, 881 F. Supp. 1007, 1013 (D. Md. 1994). Chalwell, by contrast, has alleged no actively misleading or affirmative conduct by the government whatsoever. At most, he alleges that the government "did nothing and remained silent and only answered the claim after the two years of the PVA had passed." (**ECF 39 at 5**). Moreover, Plaintiff has conceded that the USCG did not have an obligation to respond to his erroneous FTCA claim *at all*, let alone within a specific timeframe. (**ECF 38 at 12**); *Magdalenski v. U. S. Gov't*, 977 F. Supp. 66, 72 (D. Mass. 1997) ("Defendant had no obligation to inform [the plaintiff] that the claim he filed . . . was insufficient for FTCA purposes"); *see also Heckler v. Cmty. Health Servs.*, 467 US 51, 63 (1984) (noting that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law"); *Robinson v. Dalton,* 107 F.3d 1018, 1022–23 (3d Cir. 1997) (limitations period for Title VII administrative complaint not tolled even when plaintiff relied on erroneous advice by EEO counselor). The Court will not fault the government for "waiting" to do something they had no obligation to do in the first place.

Finally, Plaintiff alleges that the Magistrate incorrectly considered "absence of prejudice to the defendant" as a "standalone factor," instead of holistically with the other factors. (**ECF 39 at 4**). However, the caselaw is clear that absence of prejudice to the defendant, standing alone, is not an independent basis for invoking equitable tolling.

*Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). This is true even under the five-factor *Kelley* test on which Plaintiff relies: in that case, the court found this factor in favor of the plaintiff, but still found that plaintiff was not entitled to equitable tolling. 79 F.3d at 1250 (quoting *Baldwin*, 466 U.S. at 152); *see also, Hedges,* 404 F.3d at 753 (refusing to extend equitable tolling to an untimely SAA claim, even after accepting plaintiff's argument that there would be no prejudice because the plaintiff had filed an administrative FTCA claim based on the same facts within the two-year limitations period). Thus, because the Court does not find that any other factors support the equitable tolling of Plaintiff's claim, the lack of prejudice to Defendant does not tip the balance in Plaintiff's favor.

## IV. Conclusion

This Court has reviewed the entire record *de novo,* and has considered both the elements required by the Supreme Court under *Holland*, 560 U.S. at 649, as well as the factors outlined by the First Circuit in *Kelley,* 79 F.3d at 1248. We now conclude that Plaintiff Chalwell has not met the standard for equitable tolling. Therefore, his failure to comply with the applicable statute of limitations requires dismissal of his case. The R & R is hereby **ADOPTED** and all claims by Plaintiff Chalwell are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of September, 2025.

*/s/ María Antongiorgi-Jordan*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**