**Exhibit 1 –**
**DECLARATION OF COMMANDER IAN M. STARR**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JEROME NIBBS,** | |
| Plaintiff, | |
| **v.** | **CIVIL NO. 3:24-cv-01290-ADC** |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**DECLARATION OF COMMANDER IAN M. STARR**

I, Commander Ian M. Starr, declare as follows:

<u>Professional Background</u>

1. I graduated from the Coast Guard Academy in 2006 with a bachelor's degree in political science and government.  Since then, I have earned a master's degree in Defense and Security Studies from the Naval War College and completed MIT's Seminar XXI national security fellowship program.

2. I am a career U.S. Coast Guard cutterman with over 11 years of sea service during which I executed a broad array of maritime missions, including counter-narcotics, migrant interdiction, defense/security operations, and international engagements across the globe.

3. Ashore, at the time of the facts material to the above-referenced legal action, I was a detailee to the U.S. Department of State's Bureau of International Narcotics and Law (INL) Enforcement Affairs.  In that role, I served as the United States' Competent National Authority under Article 17 of the 1988 Vienna Drug Convention, the Secretary of State's certification authority for cases under the Maritime Drug Law Enforcement Act, and as part of an interagency team that negotiated bilateral maritime agreements with partner nations.

<u>Documents Submitted in the Underlying Criminal Case</u>

4. As part of my role at State's INL, I drafted and signed the two Certifications for the Maritime Law Enforcement Act Case Involving Go-Fast Vessel Manta 33 (BVI), Federal Drug Identification Number (FDIN)—2022678685, which

are attached as Exhibit A to this declaration.  I understand that these documents were used in the criminal prosecution of Jerome Nibbs, 3:24-cr-00072-MAJ-2 in the District of Puerto Rico.

5.  I was also the source of the document, which was also used in the criminal prosecution of Jerome Nibbs, entitled "DOJ's Timeline of Events Regarding Contact with United Kingdom and British Virgin Islands in Criminal Case 22-340" (a related case to 34-cr-72), which is attached as Exhibit B to this declaration. I drafted the original email timeline based upon my personal knowledge and upon information furnished to me in the course of my official duties as an officer in the United States Coast Guard.

Further Information on the United Kingdom's Waiver of Jurisdiction Regarding the Prosecution of Jerome Nibbs

6.  I recall clearly the process I engaged in to seek and obtain the waiver of jurisdiction from the British Virgin Islands and the United Kingdom regarding the prosecution of Jerome Nibbs.  The need to seek that waiver and the related process stem from the Agreement between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland Concerning Maritime and Aerial Operations to Suppress Illicit Trafficking by Sea in Waters of the Caribbean and Bermuda, done at Washington on July 13, 1998, which is attached as Exhibit C to this declaration ("The 1998 US-UK Agreement"), and the 1988 United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances.  Both the Convention and the Agreement were in effect at the time of Jerome Nibbs' detention aboard Coast Guard cutters in June and July of 2022.

7.  The material facts necessary to the establishment of that waiver for purposes of the prosecution are included in Exhibits A and B to this declaration.

8.  This declaration supplements Exhibits A and B by providing additional information related to the timeline that may be relevant to this separate civil action against the United States filed by Jerome Nibbs.

    a.  On June 16, 2022, Jerome Nibbs was interdicted on the high seas on suspicion of engaging in illicit drug trafficking.
    b.  The same day I began the process of internal U.S. Government coordination to seek a waiver of jurisdiction that would allow the Coast Guard to bring Jerome Nibbs to shore to prosecute him.
    c.  On June 19, 2022, I sent a request to the United Kingdom, asking that nation to waive its jurisdiction to prosecute Jerome Nibbs.
    d.  Between June 19 and July 14, I engaged in multiple attempts to obtain

2

the waiver of jurisdiction that would allow the Coast Guard to bring Jerome Nibbs to shore to prosecute him.

e.  On July 14, I was informed that the British Virgin Islands had agreed to waive jurisdiction to prosecute Jerome Nibbs, but that this decision would be followed by a formal diplomatic note.

f.  It was not clear to me or my chain of command at that time whether this waiver of jurisdiction from the British Virgin Islands was sufficient under The 1998 US-UK Agreement and the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 70501 – 70508) such that we could put Jerome Nibbs ashore in U.S. territory to prosecute him.

g.  To obtain this essential clarification, I worked with components of the U.S. Government, the British Virgin Islands, and the United Kingdom Government in London from July 14 to July 22.

h.  On July 21, 2022, the British Virgin Islands re-affirmed its July 14 agreement to waive its right to exercise jurisdiction to prosecute Jerome Nibbs.

i.  On July 22, 2022, I received confirmation by the Government of the United Kingdom that it concurred with this waiver of jurisdiction.

j.  Together, the U.S. Government determined that these statements from the British Virgin Islands and the U.K. Government to waive jurisdiction to prosecute Jerome Nibbs were sufficient to satisfy our obligations under The 1998 US-UK Agreement and the Maritime Drug Law Enforcement Act, even without a diplomatic note in the form of a Note Verbale.

k.  My understanding is that Jerome Nibbs was put ashore in Puerto Rico on July 22, 2022 to begin prosecution proceedings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth above are true and correct based upon my personal knowledge and information furnished to me in my official capacity as an officer in the U.S. Coast Guard.

Date:

STARR.IAN.MICH Digitally signed by
AEL.1256901990 STARR.IAN.MICHAEL.12569019
90
Date: 2025.12.17 14:05:36 -05'00'

Commander Ian M. Starr
United States Coast Guard

3

**Attachment A –**
**October 31, 2022 and December 13, 2022**
**Certification for the Maritime Drug Law**
**Enforcement Act Case Involving Go-Fast Vessel**
**Manta 33 (BVI)**




**United States Department of State**

*Washington, D.C. 20520*

**October 31, 2022**

### CERTIFICATION FOR THE MARITIME DRUG LAW ENFORCEMENT ACT CASE INVOLVING GO-FAST VESSEL MANTA 33 (BVI) FEDERAL DRUG IDENTIFICATION NUMBER (FDIN) — 2022678685

I, Commander Ian M. Starr, USCG, declare and certify as follows:

1. That I have been assigned as the Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs, U.S. Department of State, since June 13, 2022;

2. That in my official capacity, I have been designated by the Secretary of State, through the Assistant Secretary of State for International Narcotics and Law Enforcement Affairs, to make certifications under 46 U.S.C. § 70502(c)(2) and (d)(2) and 18 U.S.C. § 2237(d);

3. That I make the following statements based upon my personal knowledge and upon information furnished to me in the course of my official duties and that, under penalty of perjury, they are true and correct;

4. That on or about June 16, 2022, U.S. law enforcement personnel detected a go-fast vessel in approximate position 18-47 N, 065-04 W, seaward of any State's territorial sea. U.S. law enforcement officials observed the vessel transiting without exhibiting the navigational lights required by the 1972 Convention on the International Regulations for Preventing Collisions at Sea with packages visible on deck, and observed packages being jettisoned overboard. U.S. law enforcement officials reasonably suspected the vessel of illicit drug trafficking. The vessel displayed registration numbers on the hull and the master made a verbal claim of British Virgin Islands, United Kingdom registry for the vessel;

5. That on or about June 16, 2022, under Article 10 of the Agreement between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland Concerning Maritime and Aerial Operations to Suppress Illicit Trafficking by Sea in Waters of the Caribbean and Bermuda, done at Washington on July 13, 1998, and Article 17 of the 1988 United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, the Government of the United States requested that the Government of the British Virgin Islands confirm or deny the vessel's registry and, if confirmed, grant authorization to board and search the vessel;

US00000016

23004425-6

# United States of America



## DEPARTMENT OF STATE

## *To all to whom these presents shall come, Greetings:*

...ify That Ian M. Starr, whose name is subscribed to the document hereunto annexed, was at ...of subscribing the same Commander, U.S. Coast Guard, Maritime Law Enforcement Officer, ...st Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement ...partment of State, United States of America, and that full faith and credit are due to his acts

*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Antony J. Blinken, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this thirty-first day of October, 2022.

_____

Secretary of State

By _____

Assistant Authentication Officer, Department of State

*Issue... ...uant to CHX... ...e of*
*Sept. ...789, 1 Stat. ...22*
*USC ...22USC 265... ...SC*
*301; ...1733 et. se... ...SC*
*1443... ...LE 44 Federa... ...of*
*Civil ...ure.*

US00000017

6.  That on or about June 16, 2022, the Government of the British Virgin Islands confirmed registry of the vessel and authorized the United States to board and search the vessel;

7.  That on or about June 28, 2022, the Government of the United States requested that the Government of the British Virgin Islands waive its primary right of jurisdiction over the vessel, its cargo, and its crew.

8.  That on or about August 9, 2022, the Government of the British Virgin Islands waived its right to exercise jurisdiction and authorized the Government of the United States to enforce its laws against the crew members.

9.  That, accordingly, the vessel is subject to U.S. jurisdiction under 46 U.S.C. § 70502(c)(1);

10. That U.S. law enforcement officials recovered approximately 90 kilograms of contraband, which tested positive as cocaine.

Executed on October 31, 2022.

Ian M. Starr
Commander, U.S. Coast Guard
Maritime Law Enforcement Officer
U.S. Coast Guard Liaison Officer to the Bureau of
International Narcotics and Law Enforcement Affairs
U.S. Department of State

US00000018





**United States Department of State**

*Washington, D.C. 20520*

**December 13, 2022**

**CERTIFICATION FOR THE MARITIME DRUG LAW ENFORCEMENT ACT
CASE INVOLVING GO-FAST VESSEL MANTA 33 (BVI)
FEDERAL DRUG IDENTIFICATION NUMBER (FDIN) — 2022678685**

I, Commander Ian M. Starr, USCG, declare and certify as follows:

1.   That I have been assigned as the Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs, U.S. Department of State, since June 13, 2022;

2.   That in my official capacity, I have been designated by the Secretary of State, through the Assistant Secretary of State for International Narcotics and Law Enforcement Affairs, to make certifications under 46 U.S.C. § 70502(c)(2) and (d)(2) and 18 U.S.C. § 2237(d);

3.   That I make the following statements based upon my personal knowledge and upon information furnished to me in the course of my official duties and that, under penalty of perjury, they are true and correct;

4.   That on or about June 16, 2022, U.S. law enforcement personnel detected a go-fast vessel in approximate position 18-47 N, 065-04 W, seaward of any State's territorial sea.  U.S. law enforcement officials observed the vessel transiting without exhibiting the navigational lights required by the 1972 Convention on the International Regulations for Preventing Collisions at Sea with packages visible on deck, and observed packages being jettisoned overboard.  U.S. law enforcement officials reasonably suspected the vessel of illicit drug trafficking.  The vessel displayed registration numbers on the hull and the master made a verbal claim of British Virgin Islands, United Kingdom registry for the vessel;

5.   That on or about June 16, 2022, under Article 10 of the Agreement between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland Concerning Maritime and Aerial Operations to Suppress Illicit Trafficking by Sea in Waters of the Caribbean and Bermuda, done at Washington on July 13, 1998, and Article 17 of the 1988 United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, the Government of the United States requested that the Government of the British Virgin Islands confirm or deny the vessel's registry and, if confirmed, grant authorization to board and search the vessel;

US00000019

23013277-6

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

⟨...⟩y That Ian M. Starr, whose name is subscribed to the document hereunto annexed, was at
⟨...⟩ subscribing the same Commander, U.S. Coast Guard, Maritime Law Enforcement Officer,
⟨...⟩ Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement
⟨...⟩rs⟨...⟩artment of State, United States of America, and that full faith and credit are due to his acts
⟨...⟩ch.

*This certificate is not valid if it is removed or altered in any way whatsoever*



In testimony whereof, I, Antony J. Blinken, Secretary of State ,
have hereunto caused the seal of the Department of State to be
affixed and my name subscribed by the Assistant Authentication
Officer, of the said Department, at the city of Washington, in the
District of Columbia, this thirteenth day of December, 2022.

_____
                                        Secretary of State

By _____
                        Assistant Authentication Officer,
                              Department of State

*Issued pur⟨...⟩o CHXIV, State*
*Sept. 15, ⟨...⟩ Stat. 68-69; ⟨...⟩*
*USC 2657; ⟨...⟩C 2651a; 5 US⟨...⟩*
*301; 28 US⟨...⟩8 et. seq.; 8 USC⟨...⟩*
*1443(f); RU⟨...⟩Federal Rules of⟨...⟩*
*Civil Procea⟨...⟩*

US00000020

6.   That on or about June 16, 2022, the Government of the British Virgin Islands confirmed registry of the vessel and authorized the United States to board and search the vessel;

7.   That on or about June 28, 2022, the Government of the United States requested that the Government of the British Virgin Islands waive its primary right of jurisdiction over the vessel, its cargo, and its crew.

8.   That on or about July 14, 2022, the Government of the British Virgin Islands agreed to waive its right to exercise jurisdiction and authorized the Government of the United States to enforce its laws against the crew members.

9.   That on or about July 21, 2022, following additional internal discussion, the Government of the British Virgin Islands reaffirmed its July 14, 2022 agreement to waive its right to exercise jurisdiction.

10. That on or about August 9, 2022, the Government of the British Virgin Islands provided a Note Verbale to formally document its July 14, 2022 agreement to waive its right to exercise jurisdiction waived its right to exercise jurisdiction and authorize the Government of the United States to enforce its laws against the crew members.

11. That, accordingly, the vessel is subject to U.S. jurisdiction under 46 U.S.C. § 70502(c)(1);

12. That U.S. law enforcement officials recovered approximately 90 kilograms of contraband, which tested positive as cocaine.

Executed on December 13, 2022.

Ian M. Starr
Commander, U.S. Coast Guard
Maritime Law Enforcement Officer
U.S. Coast Guard Liaison Officer to the Bureau of
International Narcotics and Law Enforcement Affairs
U.S. Department of State

US00000021

**Attachment B –**
**DOJ's Timeline of Events Regarding Contact with**
**United Kingdom and British Virgin Islands in**
**Criminal Case 22-340**

# DOJ's Timeline of Events Regarding Contact with United Kingdom and British Virgin Islands in Criminal Case 22-340

- 16JUN (1852): Received preliminary heads-up from CG-LMI-R that potential WOJ was incoming, and began prepping draft request & discussions w/ State Legal about whether to pursue under the 2000 UK Overseas Territories (UKOT) bilateral agreement or the 1981 UK/US agreement. Reached concurrence that UKOT bilat was the appropriate mechanism. Also reached concurrence between State Legal, UK Desk, and BVI Desk that the WOJ should be transmitted to US Embassy London, for further transmission to BVI, in accordance with the UKOT bilat.

- 17JUN (1352): Front-loaded all required State Department clearances (Legal, Desk Officers, etc.) that short-fuse WOJ request was likely inbound.

- 17JUN (1457): Received WOJ case information from CG-LMI-R.

- 17JUN (1657): Send draft WOJ dipnote to all required DoS/DOJ/USCG clearances. Followed up with phone calls as appropriate since we were heading into the long weekend.

- 19JUN (1432): Sent final/cleared dipnote to US Embassy London.

- 21JUN (1119): US Embassy London confirmed receipt and that they were routing.

- 22JUN (1124): US Embassy London requested clarification on whether the Bridgetown Embassy needed to be engaged, and noted that they were discussing further with the FCDO Overseas Territories Directorate.

- 24JUN (1538): DOJ reached out to multiple contacts in the BVI to see if there was anything to expedite the process. Also conveyed sense of operational urgency as detainees remained on USCG decks.

- 01JUL (1006): Received confirmation from US Embassy London that the Governor's Office in Tortola had reached out to the Attorney General of the BVI, who had authority to approve the waiver. Confirmed they would reply with a Note Verbale.

- 07JUL: Multiple attempts to request update from UK/BVI, and was told that FCDO London was working the issue.

- 12JUL: UK Embassy London reaffirmed that a formal reply was in the works.

- 13JUL (1115): The Head of the Governor's Office (BVI) reached out to request clarifying information on what offenses may have been committed and intent to pursue prosecution.

- 14JUL (1221): After coordinating with DOJ/State Legal, clarifying information provided to the BVI request.

- 14JUL (1546): Head of the Governor's Office (BVI) noted that "The DPP here in BVI has now agreed to waive jurisdiction so you can prosecute in the US. I have also relayed to my colleagues in London who will respond formally via dipnote to the US Embassy in London."

- 14JUL (1551): Notified US Embassy London that BVI had agreed to waive jurisdiction, and requested that they alert me as soon as the dipnote was received.

- 14JUL (1553): Notified the CG-MLE duty watch that BVI had agreed to waive jurisdiction, but that the email exchange did not constitute the official waiver notice, which would come via dipnote.

- 15JUL (0623): US Embassy London replied to my inquiry stating that a formal (Note Verbale) reply was expected that day (15JUL) or the following Monday (18JUL).

- 18JUL (1136): Reached out to US Embassy London to inquire about the status.

- 19JUL (1003): US Embassy London replied that FCDO was "waiting for approval from the Attorney General, who's been chased with regularity since last week."

- 19JUL (1007): Reached out to Head of Governor's Office (BVI) to inquire about the status.

- 19JUL (1122): BVI replied that they had talked to the Attorney General again, stressed the urgency, and requested a response by close of business. No response received by COB.

- 20JUL (0615): Engaged with INL leadership in an effort to elevate the issue. Multiple conversations throughout the day about where it could be elevated (US Embassy London, BVI contacts, etc.).

- 20JUL (1005): Engaged with DOS Legal to see whether the 14JUL notice from the Head of the Governor's House was sufficient to constitute a waiver of objection under 46 U.S. Code § 70502(c)(2). DOS Legal concurred.

- 20JUL (1140): Notified by Head of the Governor's Office, BVI that the BVI Attorney General would be looking into it today.

- 20JUL (1311): Engaged with DOJ to see whether the 14JUL notice from the Head of the Governor's House was sufficient to constitute a waiver of objection under 46 U.S. Code § 70502(c)(2). DOJ concurred.

- 20JUL (1352): Director of Strategy, Officer of the Governor, BVI contacted DOJ to assure that they understood the urgency of the request and were trying to make time with the Attorney General, who was in Cabinet meetings.

US00000028

\-      20JUL (1444): Notified CG-MLE that DOJ and DOS Legal concurred that the 14JUL exchange met the intent of 46 U.S. Code § 70502(c)(2).

\-      20JUL (1658): Director of Strategy, Officer of the Governor, BVI notified that they had been unable to make time with the Attorney General, and that it would likely occur tomorrow.

\-      22JUL (1041): US Embassy London passed information from FCDO confirming that they had been able to meet with the Attorney General on the evening of 21JUL, who had concurred with the waiver of jurisdiction. They asserted again that the formal Note Verbale would be issued, but did not provide a timeline.

US00000029